UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL HARRISON,

    Plaintiff,

    v.

ATLEY C. PRICE, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-762-JD-MGG

OPINION AND ORDER

Daniel Harrison, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Harrison alleges that, on June 14, 2018, he was arrested pursuant to a warrant based on Detective Jim Ferguson's false probable cause affidavit. According to the affidavit, Detective Ferguson investigated the robbery of a payday loan store that occurred in Laporte, Indiana, on March 20, 2018. During the course of this investigation, he discovered that a similar robbery occurred at a cellphone store in Michigan City, Indiana, on April 22, 2018. He contacted the Michigan City Police

Department, who informed him that they believed that two individuals committed the cellphone store robbery: Brandon Hill, whom they had already arrested, and Harrison because he resembled the perpetrator as depicted in a surveillance photograph obtained from the cellphone store, because the car used in the robbery was registered to his girlfriend; and because Hill had made several telephone calls to Harrison after his arrest.

According to the affidavit, on May 7, 2018, Detective Ferguson interviewed Hill, who admitted that he and Harrison committed the robberies at the payday loan store and the cellphone store. He also admitted to using Harrison's girlfriend's car during the robberies and that he had spoken with Harrison since his arrest. Detective Ferguson discovered that the cellphone number identified by Hill as Harrison's cellphone number was registered to Harrison's address of record. Detective Ferguson also listened to the recordings of the telephone conversations, which described the aftermath of the cellphone robbery and Harrison's efforts to avoid law enforcement.

Harrison asserts a claim of false arrest against Detective Ferguson, alleging that the detective did not inform the court that he had promised Hill that he would not be prosecuted if he provided assistance with the robbery cases; because, on June 20, 2018, Hill drafted an affidavit to recant his accusation of Harrison; and because Harrison did not speak with Hill following Hill's arrest. The Fourth Amendment protects individuals from unreasonable seizures. However, "[i]t is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). "Police officers have probable cause to arrest

2

when the totality of the facts and circumstances within their knowledge at the time of the arrest would warrant a reasonable person in believing the person has committed a crime." *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015). "[Probable cause] requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Muhammad v. Pearson*, 2018 WL 3954158, at *7 (7th Cir. 2018).

At the time of Harrison's arrest, Detective Ferguson could not have foreseen that Hill would recant his accusation but would have known of any promises he made to Hill. However, even if Hill's accusation was omitted from the affidavit, the evidence implicating Harrison consisted of: (1) a photograph from the cellphone store robbery in which one of the perpetrators resembled Harrison; (2) the identification of Harrison's girlfriend's car as the vehicle used in the robbery; and (3) Hill, who admitted to committing several robberies, engaged in incriminating telephone conversations with Harrison following Hill's arrest. This evidence is sufficient to establish probable cause to arrest Harrison in connection with the cellphone store robbery. Though Harrison now denies speaking on the telephone with Hill, Detective Ferguson had a reasonable basis to suspect that the identity of the caller was Harrison at the time of the arrest. Because Detective Ferguson had probable cause to arrest Harrison, the false arrest claim is dismissed.

Harrison further alleges that Prosecutors John M. Espar and Atley C. Price have not dismissed criminal charges despite the lack of probable of cause. He asserts that the failure to dismiss his criminal charges violates his constitutional rights. He seeks money damages and the dismissal of his criminal charges. However, "in initiating a

prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Therefore, Harrison cannot proceed on a claim for money damages against Prosecutors Espar and Price.

Nor can Harrison proceed on a claim seeking the dismissal of his criminal charges. The doctrine of abstention prohibits federal courts from staying or enjoining pending State court proceedings except under special circumstances. *Younger v. Harris*, 401 U.S. 37, 43 (1971). This means that "federal courts must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Because ordering the dismissal of Harrison's State criminal case would interfere with an ongoing State court proceeding, he cannot obtain such relief in federal court. *See Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979); *Barrett v. Scott*, 2016 WL 3661103, at *2 (C.D. Ill. July 5, 2016).

Though the complaint does not state a claim upon which relief can be granted, the court will nevertheless give him the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, merely because he is permitted to file an amended complaint is not a reason for him to do so. Harrison

4

should file an amended complaint only if he believes that he has a meritorious federal claim.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Daniel Harrison;

(2) GRANTS Daniel Harrison until October 22, 2018, to file an amended complaint; and

(3) CAUTIONS Daniel Harrison that, if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted.

SO ORDERED on September 24, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT